**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **ANOISON ELECTRONICS, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No.**  1:26-cv-1826 |
| | § | |
| **ANOISON RF, INC. AND ZHOU WEI** | § | |
| **QUAN,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Anoison RF, Inc. ("Anoison RF") ("Defendant") files this Notice of Removal from the 261st Judicial District Court of Travis County, Texas, Cause No. D-1-GN-26-004850, to the United States District Court for the Western District of Texas, Austin Division. In support, Defendant respectfully states the following:

**STATEMENT OF THE STATE COURT ACTION**

1.      On June 16, 2026, Plaintiff Anoison Electronics, LLC ("Plaintiff") filed this action in the 261st Judicial District Court of Travis County, Texas, styled *Anoison Electronics, LLC v. Anoison RF, Inc. and Zhou Wei Quan, Individually*, Cause No. D-1-GN-26-004850 ("State Court Action").  A true and correct copy of the State Court Petition filed by Plaintiff is attached hereto as **Exhibit 1.**

2.      As required by 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served, as well as the docket sheet are filed herewith as **Exhibit 2.**[1]

---

[1] Nothing herein is an admission that any Defendant was properly served with any document, filing, or pleading.

**DEFENDANT'S NOTICE OF REMOVAL**                                                                **PAGE 1**

3.     The Petition asserts claims for misappropriation of trade secrets under the Texas Uniform Trade Secrets Act, common-law trademark infringement and unfair competition, tortious interference with existing contracts, tortious interference with prospective business relations, harmful access by computer, conversion, Texas Theft Liability Act violations pleaded in the alternative, and breach of contract.  (*See* Ex. 1, ¶¶ 27-48.)

4.     Plaintiff seeks monetary relief over $1,000,000, together with injunctive relief, prejudgment and postjudgment interest, exemplary damages, attorney's fees, costs of court, and other relief.  (Ex. 1, ¶ 2.)

5.     Plaintiff's Petition includes an application for temporary restraining order, temporary injunction, and permanent injunction. (Ex. 1, ¶¶ 52-56.)  Plaintiff seeks injunctive relief relating to Defendants' alleged use of the "Anoison" name, alleged access to or control over Plaintiff's website and electronic systems, alleged use or disclosure of confidential information and trade secrets, alleged communications with Plaintiff's clients, salespersons, and vendors, and alleged representations regarding affiliation with Plaintiff.  (Ex. 1, ¶¶ 52-56.)

6.     On June 26, 2026, the state court signed a "Temporary Restraining Order, Order Setting Bond, and Order Setting Hearing on Application for Temporary Injunction."

7.     On June 26, 2026, the state court also signed an order authorizing alternative service of process on Zhou. The state-court record includes a Temporary Restraining Order Writ directed to Zhou, and the writ's return reflects purported service by electronic mail on June 29, 2026.[2]

## GROUNDS FOR REMOVAL – DIVERSITY OF JURISDICTION

8.     This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a), and this action is removable under 28 U.S.C. §§ 1441 and 1446. Complete diversity exists between

[2] Anoison RF do not aver that any alleged service in this matter was proper under state or federal law.

Plaintiff and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1330 (5th Cir. 1995); 28 U.S.C. § 1332.

9.    Defendant Anoison RF, Inc. is a corporation. For diversity purposes, a corporation is a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332.

10.    Defendant Anoison RF, Inc. is a New Hampshire corporation with its principal place of business in New Hampshire.  (*See* Ex. 1, ¶ 4.)

11.    Defendant Zhou Wei Quan is an individual who maintains his domicile outside of the United States in the nation of Japan.  (*See* Ex. 1, ¶ 5.)

12.    Zhou Wei Quan has consented to this removal.  Attached hereto as **Exhibit 3** is Zhou Wei Quan's consent to the removal.

13.    No Defendant (whether properly joined or not) is a citizen of Texas.

14.    Plaintiff Anoison Electronics, LLC is a Texas limited liability company.  (*See* Ex. 1, ¶ 3.) For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of each of its members.  *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-81 (5th Cir. 2008).

15.    Upon information, belief, and representations by Anoison Electronics, LLC's counsel, Anoison RF alleges the following:

- Anoison Electronics, LLC has two members: Stephen M. Young and William Hallett. Attached hereto as **Exhibit 4** is a true and correct copy of Anoison Electronics, LLC's Initial Disclosures in the State Court Action identifying two members.

- William Hallett and Stephen Young are the only two members of Anoison Electronics, LLC.  Attached hereto as **Exhibit 5** is an email from Lisa Bradford, Anoison Electronics, LLC to William Hallett stating that he and Stephen Young are the only two members of Anoison Electronics, LLC.

- William Hallett is a citizen of Texas.  He resides in Texas.  William Hallett resides at 310 Winchester Drive, Dripping Springs, Texas.  William Hallett owns the home at the Winchester Drive address.  It is registered as his homestead and he has owned the home since at least 2005.  William Hallett has signed multiple affidavits in the State Court action in Texas.  William Hallett was sued by the State of Texas in 2010 in Travis County Court at Law #2 (Case No. C-1-CV-10-002771), he was served with process for this lawsuit at the Winchster Drive address.  He is the registered agent for Anoison Electronics, LLC at the Winchester Drive address.  Under Texas Business Organizations Code Section 5.201 and individual may be a registered agent provided that person is a resident of Texas.  William Hallett has been the registered agent for Anoison Electronics, LLC at the Winchester Drive address since at least September 2023.  William Hallett has a phone number with a 512 area code which is the area code for Austin Texas and surrounding areas.  William Hallett works in Texas.  William Hallett is a manager and member of a Texas based company.  William Hallett is registered to vote in Texas.  William Hallett's LinkedIn profile identifies Dripping Springs, Texas as his location.  William Hallett does not reside in New Hampshire or Japan.

- Stephen Young is a citizen of California.  He resides in California.  Stephen Young resides at 644 Altamira Court, Vista, CA 92081.  Prior to living at the Altamira

Court address (beginning in 2024), Stephen Young lived and owned a home at 4525 La Portalada Drive, Carlsbad, CA, a house he owned for several years.  Prior Young's primary phone number has a 760 area code which is the area code for parts of Southern and Eastern California.  Stephen Young started a business in California called Samwise Sales & Marketing LLC.  Stephen Young does not reside in New Hampshire or Japan.

16.    Accordingly, Plaintiff Anoison Electronics, LLC is a citizen of California and Texas.

17.    Complete diversity exists because Defendants are citizens of New Hampshire and the foreign nation of Japan and upon information, belief, and representations by Anoison Electronics, LLC's counsel, Plaintiff does not have any members with New Hampshire or Japan citizenship.

18.     Additionally, the amount-in-controversy requirement is satisfied. In its Original Petition, Plaintiff pleads that it seeks "monetary relief over $1,000,000," together with non-monetary injunctive relief, prejudgment and postjudgment interest, exemplary damages, attorney's fees, costs of court, and other relief.  (*See* Ex. 1, ¶ 2.)  This statement in the Original Petition is sufficient to meet the amount-in-controversy requirement.  *Acker v. Prospect Airport Servs., Inc.*, No. 1:21-CV-8-LY, 2021 WL 2695133, at *2 (W.D. Tex. Mar. 24, 2021) ("Reviewing the live pleadings at the time Prospect removed the action to federal court, the court finds that Prospect has shown that it is facially apparent that Acker's state-court petition sought more than $1,000,000 in damages when it said 'Plaintiff affirmatively states that she seeks monetary relief in accordance with TEX. R. CIV. P. 47(c)(5).'").

19.

**DEFENDANT'S NOTICE OF REMOVAL**                                                    **PAGE 5**

## VENUE

20.     Pursuant to 28 U.S.C. § 1441(a), removal of an action originally brought in state court is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

21.     This Notice of Removal is properly filed in this Court pursuant to 28 U.S.C. § 1441(a), as this District Court embraces Travis County, where the State Court Action is pending.

## TIMELINESS OF REMOVAL

22.     Defendants have timely filed this Notice of Removal within the 30-day time period as required by 28 U.S.C. § 1446(b).

## REMOVAL PROCEDURE

23.     Pursuant to 28 U.S.C. § 1446(a), the following documents are attached as exhibits to this Notice. The notice advises the Clerk that Plaintiff filed a jury demand, and notes that while there are currently no pending motions in the state court action, Plaintiff seeks a temporary injunction against Defendants.

Exhibit 1:     Plaintiff's Original Petition

Exhibit 2:     Certified Docket Sheet in the State Court Action, and each document filed in the State Court Action.

Exhibit 3:     Zhou Wei Quan Consent

Exhibit 4:     Plaintiff's Initial Disclosures in the State Court Action

Exhibit 5:     Email from Plaintiff's counsel

24.     Defendants will promptly file Notice of Removal with the Clerk of the 261st District Court of Travis County, Texas, as required by 28 U.S.C. § 1446(d).

25.     Defendants will serve all parties of record with a copy of this Notice of Removal.

**NON-WAIVER OF DEFENSES**

26.    By filing this notice of removal, Anoison RF does not waive any of its defenses, including but not limited to any defenses under Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant removes this matter to the United States District Court for the Western District of Texas, Austin Division.

Dated: July 7, 2026                 Respectfully submitted,

/s/ Megan E. Servage
Jeffrey L. Mills (*pro hac vice forthcoming*)
Texas State Bar No.: 24074726
jeff.mills@wickphillips.com
J. Sean Lemoine (*pro hac vice forthcoming*)
Texas State Bar No.: 24027443
sean.lemoine@wickphillips.com
Megan E. Servage
Texas State Bar No.: 24110347
megan.servage@wickphillips.com

**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Telephone: (214) 692-6200
Facsimile:   (214) 692-6255

**ATTORNEYS FOR DEFENDANT**
**ANOISON RF, INC.**

**CERTIFICATE OF SERVICE**

I certify a true and correct copy of the foregoing document was served on counsel of record in accordance with the Federal Rules of Civil Procedure on July 7, 2026.

/s/ Megan E. Servage
Megan E. Servage